IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

S.M.B.,

        Plaintiff,

v.                           CIVIL ACTION NO. 3:17-1300

WEST VIRGINIA REGIONAL JAIL AND
CORRECTIONAL FACILITY AUTHORITY,
MICHAEL YORK,
P. OWENS, and
JOHN DOE #1,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is West Virginia Regional Jail and Correctional Facility Authority's Motion to Dismiss Plaintiff's Complaint (ECF No. 13). For reasons specified herein, the Court **GRANTS** the motion and **DISMISSES** West Virginia Regional Jail and Correctional Facility Authority as a defendant in this case.

**I.    Background**

Plaintiff filed the present Complaint on February 17, 2017 (ECF No. 1). Plaintiff alleges, among other things, that he was sexually assaulted while incarcerated in the Western Regional Jail and that the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA") failed to maintain "appropriate policies and procedures" to prevent the alleged sexual assault (ECF No. 1 at 10).

WVRJCFA filed a Motion to Dismiss and a Memorandum in Support on June 5, 2017 (ECF Nos. 13 and 14).[1] In its Memorandum in Support, WVRJCFA asserts that "Plaintiff is no longer housed in any West Virginia correctional facility and currently resides in Point Pleasant, W.V. according to his parole officer" (ECF No. 31 at 3). The memorandum continues, "[A]s Plaintiff is no longer subject to the challenged policy, practice, or conditions, Plaintiff's claim for injunctive relief is moot" (ECF No. 31 at 4).

In response, Plaintiff contends that WVRJCFA has failed to offer evidence to support its claim that Plaintiff is no longer incarcerated at the Western Regional Jail (ECF No. 15 at 6). Plaintiff further argues that, even if he is no longer incarcerated at the Western Regional Jail and his claim is moot as a result, his claim is excepted from the mootness doctrine because it is capable of repetition, yet evades review (ECF No. 15 at 6).

In consideration of these arguments, the Court conducted inquiry into public records regarding Plaintiff's incarceration status. As a result of that inquiry, the Court learned that Plaintiff was paroled on March 28, 2017, several months before he filed his response to WVRJCFA's motion to dismiss.[2]

## II. Discussion

### a. Standard of Review

When ruling on a motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To survive a motion to dismiss, however, a plaintiff must allege facts sufficient to "state a claim to relief that is

---

[1] Upon the Court's Order, WVRJCFA filed a redacted Motion in Support on October 17, 2017 (ECF No. 31).
[2] So as to respect the privacy of Plaintiff, the Court omits citation to the specific public record which contains identifying information.

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal . . . is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). Mootness is one such affirmative defense.

"In reviewing a Rule 12(b)(6) dismissal, [the Court] may properly take judicial notice of matters of public record." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Additionally, the Court's decision to take judicial notice of matters of public record does not automatically require that the Court then treat a motion to dismiss as a motion for summary judgment. *Corbett v. Duerring*, 780 F.Supp. 486, 492 (S.D.W.Va. 2011). The Court may properly consider a Rule 12(b)(6) motion to dismiss in the context of relevant matters of public record. *Id.*

A defendant's incarceration and parole status are matters of public record. As discussed above, the Court's review of relevant public records in this case revealed that Plaintiff was paroled earlier this year. Accordingly, the Court **TAKES JUDICIAL NOTICE** that Plaintiff no longer resides at the Western Regional Jail.

### b. Mootness

In his Complaint, Plaintiff objects to WVRJCFA's allegedly insufficient policies and procedures regarding prisoner admission and housing assignments (ECF No. 1). Plaintiff asks the Court to grant him equitable relief in the form of requiring WVRJCFA to reform those policies and procedures and to enforce them against its employees (ECF No. 1). Defendant WVRJCFA argues that Plaintiff's request for equitable relief is moot as he is no longer housed in any of the Authority's facilities (ECF No. 31).

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction." *Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006). Accordingly, "a present, live

controversy . . . must exist" for the Court to properly hear a claimant's case. *Hall v. Beals*, 396 U.S. 45, 48 (1969). In prisoner cases, specifically, this rule requires that a prisoner challenging a specified prison policy have a "present interest affected by that policy" in order to be heard. *Weinstein v. Bradford*, 423 U.S. 147, 148 (1975).

Generally, when a prisoner sues a prison for equitable relief in the Fourth Circuit, that prisoner's claims become moot upon his transfer or discharge from that prison. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007).

> Mootness questions often arise in cases involving inmate challenges to prison policies or conditions, and courts, including our own, have held that the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief, even if a claim for money damages survives.

*Id*. *See also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (finding that a prisoner's claims for injunctive and declaratory relief were mooted by his transfer to another prison); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) ("Because the prisoner has been transferred, his request for injunctive relief [as against the prison where he is no longer being held] is moot."); *Taylor v. Rogers*, 781 F.2d 1047, 1051 (4th Cir. 1986) (finding prisoners' claims of unlawful restrictions in protective custody moot after those prisoners were discharged from protective custody). *But see Townes v. Jarvis*, 577 F.3d 543, 547 (4th Cir. 2009) (finding a prisoner's claim for habeas corpus relief not moot where the prisoner continued to suffer "collateral consequences" with respect to the complained-of action). The Fourth Circuit has noted, "Once an inmate is removed from the environment in which he is subjected to [a] challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Incumaa*, 507 F.3d at 287.

In this case, Plaintiff was paroled on March 28, 2017. While he was purportedly housed in a West Virginia correctional facility at the time he filed his Complaint, this is no longer the case. As Plaintiff is no longer housed in a WVRJCFA facility, he is no longer subject to the prison policy he challenges and, accordingly, has no "present interest affected by that policy." As a result, the Court **FINDS** that Plaintiff's claim for equitable relief against WVRJCFA is moot.

### c. Exception to Doctrine of Mootness

Plaintiff argues that, even if the Court finds that Plaintiff is no longer housed in the Western Regional Jail where he is subject to the challenged policy, the Court should nevertheless deny WVRJCFA's motion because Plaintiff's injury falls within the "capable of repetition, yet evading review" exception to the doctrine of mootness (ECF No. 15 at 4).

#### i. Requirements for Exception

Indeed, the Fourth Circuit has held that "[a] case is not moot . . . if a party can demonstrate that the apparent absence of a live dispute is merely a temporary abeyance of a harm that is capable of repetition, yet evading review." *Brooks*, 462 F.3d at 348 (internal quotation marks omitted). The "capable of repetition, yet evading review" exception to the mootness doctrine, however, is narrow and applies "only in exceptional situations . . ." *City of L. A. v. Lyons*, 461 U.S. 95, 109 (1983). Additionally, Plaintiff bears the burden of proving that the exception applies. *Incumaa*, 507 F.3d at 289.

Case law provides clear guidance as to what claims may qualify for application of this exception. "[I]n the absence of a class action, the capable of repetition, yet evading review doctrine [is] limited to the situation where two elements combine[ ]: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action

again." *Weinstein*, 423 U.S. at 349 (internal quotation marks and citations omitted). For reasons set forth below, the Court finds that Plaintiff has not met his burden of demonstrating that the requisite circumstances are present in his case. Accordingly, the Court finds that Plaintiff's claim against WVRJCFA does not fall within this exception to the doctrine of mootness.

### ii. Duration Element

First, though he bears the burden of proof of showing that this exception applies, Plaintiff does not allege in his Complaint or in his Response to WVRJCFA's Motion to Dismiss that his incarceration in the West Virginia correctional system was too short in its duration to be litigated prior to its cessation or expiration (*see* ECF Nos. 1, 15). As a result, he has failed to meet his burden of proof for the first element.

### iii. Reasonable Expectation of Repetition Element

Further, Plaintiff does not adequately establish that there is a reasonable expectation that he will be subjected to the complained-of prison policies again. To meet his burden of proof for this element, Plaintiff must show that there is a "demonstrated probability" that he will be incarcerated in the WVRJCFA system again in the future. *See Weinstein*, 423 U.S. at 349. The Court finds that Plaintiff has not demonstrated any such probability.

Courts are generally unwilling to find that prisoners' claims for equitable relief against prisons meet the "demonstrated probability" of repetition requirement when those prisoners have been transferred or released from those prisons before their claims are heard in court. *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (finding that, in the case of a prisoner who was still incarcerated in the state prison system but no longer housed at the facility against which he sought declaratory relief, the "mere possibility" that the prisoner could have been transferred back to the defendant prison was insufficient to bring the prisoner's claims "within the narrow exception to

the mootness doctrine"); *Abdul-Akbar v. Watson*, 4 F.3d 195, 196, 207 (3d Cir. 1993) (deciding that a prisoner's claims against a prison's Maximum Security Unit were mooted by his release from that unit and that the possibility that the prisoner *could* again be incarcerated there was not enough to support a finding of demonstrated probability); *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988) (dismissing a plaintiff prisoner's claim for equitable relief against a prison because he had been transferred to another facility and the plaintiff failed to demonstrate a "not small" likelihood that he would be sent back to the defendant prison).

Plaintiff in this case has not presented any information or evidence that indicates a "demonstrated probability" or a "not small likelihood" that he will again be incarcerated in the Western Regional Jail in the future. He argues that he faces a "risk of incarceration" "should a parole officer so decide to incarcerate him," but provides no evidence that such incarceration is likely or probable. As the case law demonstrates, a mere possibility of incarceration is not enough. Plaintiff argues, however, that Fourth Circuit precedent nevertheless requires the Court to except his claims from mootness.

### iv. *Withers* Analysis

In arguing for application of this exception, Plaintiff primarily relies upon *Withers v. Levine* (ECF No. 15). In *Withers*, the Fourth Circuit found that the "capable of repetition, yet evading review" exception was available to a prisoner who challenged the policies of a specific Maryland prison facility. *See Withers v. Levine*, 615 F.2d 158, 161 (4th Cir. 1980), *abrogated on other grounds by Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991).

First, the *Withers* court noted that the prisoner in that case was challenging the conditions of a facility where prisoners were housed, on average, only sixty to ninety days. *Id*. The court found, "That does not provide sufficient time to litigate the adequacy of measures to provide such

prisoners as [the plaintiff] with reasonable protection." *Id*. The court's findings, however, were based on circumstances that are not present in Plaintiff's case. There is no evidence that Plaintiff's incarceration at the Western Regional Jail was as temporary as was the plaintiff's in *Withers*. Additionally, as previously discussed, Plaintiff has at no point asserted that his time at the Western Regional Jail was so limited in nature that he did not have "sufficient time to litigate" his case.

Second, the *Withers* court found that the plaintiff in that case had "a reasonable expectation that he again may [have been] subjected to the same action." In *Withers*, the plaintiff complained of prison policies at the Maryland House of Corrections ("MHC"), a medium security institution where male prisoners were sent when they qualified for "minimum custody housing." 615 F.3d at 160–61. At the time of the *Withers* court's consideration of his case, Plaintiff Withers was housed in the Maryland Penitentiary, a maximum security institution. *Id*. at 160. The court noted that Mr. Withers "had been previously considered appropriate for minimum custody housing" and assigned to MHC, and that there was a reasonable chance that Mr. Withers, upon reevaluation, could again qualify for a de-escalation of prison supervision if he complied with prison rules and procedures while housed in the maximum security facility. *Id.* at 161. Upon qualification for a downgrade in security, the court found, Mr. Withers would likely have been assigned back to MHC. *Id*. at 161. Because Mr. Withers could and would have been sent back to MHC essentially for good behavior, and thereby again subjected to the prison policies of which he complained, the Fourth Circuit found that the "capable of repetition, yet evading review" exception saved that plaintiff's claims from mootness.

### v. *Incumaa* Analysis

In this case, however, Plaintiff's circumstances align more closely with those presented in *Incumaa v. Ozmint*. In *Incumaa*, the plaintiff prisoner was housed in a maximum security prison

unit at the time he filed suit. 507 F.3d 281, 282 (4th Cir. 2007). The court explained, "[A]n inmate must [have] 'earn[ed]' assignment to the [maximum security unit] through violent behavior or noncompliance with [ ] prison policies. . ." *Id.* at 282–83. In the court's view, the plaintiff prisoner had been placed in the maximum security unit due to his own misconduct. *Id*. During the pendency of his case, though, the plaintiff was released from the maximum security unit and rehoused in a lower security unit in the same prison system. *Id*. at 283. After the reassignment, the defendant prison system asked the court to dismiss the case, arguing that the plaintiff's claims for declaratory relief were mooted by the transfer. *Id.* at 285.

In response, Incumaa asserted that his case should not be dismissed as moot because his harm was "capable of repetition, yet evading review." *Id*. He asserted that, though he had been transferred out of the maximum security unit for the time being, prison officials had the power to reassign him there at any time, even if only "on a whim." *Id*. The Fourth Circuit rejected this argument and dismissed the plaintiff's case as moot, finding that he was no longer housed in the unit where he was subject to the complained-of prison policies and that his claims did not fall within the "capable of repetition, yet evading review" exception to the mootness doctrine. *Incumaa,* 507 F.3d at 285.

In its reasoning, the court explained that there was "no indication that [the plaintiff would] ever be subject to the challenged policy again, absent some sufficiently recalcitrant behavior on his part." *Id.* The court noted that the plaintiff was "promoted" out of the maximum security unit because he "ceased his bad behavior," and that he would not be reassigned to the maximum security unit unless he "flout[ed] [prison] standards and codes of conduct in such a manner as to warrant reassignment to the [maximum security unit] . . ." *Id*. at 289. As the court stated, the plaintiff in that case "[held] the keys" to his freedom from the complained-of policies. *Id*.

### vi. Reconciliation of *Withers* and *Incumaa*

Taken as a whole, the Court finds that the *Withers* and *Incumaa* cases are compatible Fourth Circuit precedent. *Withers* stands for the rule that if a prisoner has been transferred to a facility where he is no longer subject to complained-of prison policies, but will be returned to the original unit or facility if he is compliant with prison rules and procedures, his harm is "capable of repetition, yet evading review." *See Withers*, 615 F.2d at 161. *Incumaa*, on the other hand, presents the proposition that a prisoner's claims will not fall within the narrow exception to mootness if the prisoner's only risk of being returned to the unit where he was subject to the complained-of policies is dependent on his own misconduct. *See Incumaa*, 507 F.3d at 289.

Plaintiff's Complaint asks for injunctive relief against a prison system in which he is no longer housed. He claims that he may be again subjected to the complained-of prison policies "should a parole officer so decide to incarcerate him" (ECF No. 15), but there is no evidence in the record to support the proposition that Plaintiff's parole officer can or would revoke Plaintiff's parole without misconduct on Plaintiff's part. Accordingly, there is no evidence in the record to support the proposition that Plaintiff has a reasonable expectation that the alleged wrong will be repeated unless he violates the terms of his parole and earns a return to incarceration. As was the case in *Incumaa*, Plaintiff holds the keys to his own freedom. As such, his claim for injunctive relief against WVRJCFA cannot be excepted from the mootness doctrine.

### d. Surviving Claims

In his complaint, Plaintiff's only claim against WVRJCFA is one for injunctive relief (ECF No. 1). While Plaintiff's claims will proceed as against the other named defendants in his case, the Court **FINDS** that his claim for injunctive relief against WVRJCFA is moot and does not qualify for exception from the mootness doctrine. As Plaintiff asserts no additional claims against

WVRJCFA in his Complaint, WVRJCFA has the right to be dismissed as a defendant in this case at this time.

### III. Conclusion

The Court **FINDS** that Plaintiff no longer resides at the Western Regional Jail and that his claim against WVRJCFA does not qualify for an exception from the mootness doctrine. Accordingly, Defendant West Virginia Regional Jail and Correctional Facility Authority's Motion to Dismiss Plaintiff's Complaint (ECF No. 13) is **GRANTED**. Plaintiff's claim for equitable relief against West Virginia Regional Jail and Correctional Facility Authority is **DISMISSED** for mootness, and West Virginia Regional Jail and Correctional Facility Authority is **DISMISSED** as a defendant in this case. Plaintiff's remaining claims against individual defendants named in Plaintiff's Complaint (ECF No. 1) remain ongoing pursuant to the Court's Memorandum Opinion and Order entered September 1, 2017 (ECF No. 21).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 26, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE